IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
10/21/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

ESTEFANI VIRGINIA RODRIGUEZ VICENT,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, DHS;
TODD BLANCHE, Attorney General;
DAVID VENTURELLA, Acting Director, ICE;
KEVIN RIDDLE, Field Office Director, ICE; and
MISTY MACKEY, Warden,
Midwest Regional Reception Center,

Respondents.

Case No. 26-3361-JWL

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials. For the reasons set forth below, the petition is hereby **granted in part and denied in part**. The petition is granted with respect to the claim that petitioner has improperly been denied a custody review; respondents are hereby ordered to provide notice and to conduct a custody review by **October 30, 2026**, and to file a notice with the Court when that relief has been given. The petition is otherwise denied, including with respect to petitioner's request for release from custody.

Petitioner, a native of Venezuela, was paroled into the United States in June 2024, and removal proceedings were initiated at that time. On July 22, 2026, petitioner failed to appear for a hearing, and the immigration court ordered petitioner's removal *in absentia*.

Petitioner was detained by immigration officials on August 25, 2026, and she remains in custody within this judicial district. Petitioner's motion to rescind the removal order and to reopen removal proceedings remains pending in immigration court. On September 25, 2026, petitioner filed the instant petition. Respondents have filed an answer to the petition, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that her continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). The parties agree that petitioner's removal period began when her *in absentia* removal order was issued on July 22, 2026, as petitioner was not permitted to appeal that order.

Petitioner claims that her continued detention violates Section 1231 as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. Petitioner argues that her removal in

the near future is not likely because her removal order is presently stayed while her motion to reopen proceedings is pending in the immigration court. *See* 8 U.S.C. § 1229a(b)(5)(C). In *Zadvydas*, however, the Supreme Court established a presumptively reasonable detention period of six months in which to accomplish removal. *See Zadvydas*, 533 U.S. at 701. Accordingly, petitioner's detention has not become unreasonably indefinite under *Zadvydas*, and the Court therefore denies petitioner's claim under Section 1231.[1]

In her traverse, petitioner asserts a new claim under Section 1231. Petitioner argues that the statute's provision for mandatory detention during the removal period should be interpreted not to apply if the alien's removal order has been stayed under Section 1229a pending a ruling on a motion to reopen removal proceedings. The Court denies this claim as well. Petitioner has cited no authority supporting this argument, and the Court is loath to insert such an exception into the statutory scheme in the absence of such authority. Moreover, the Court does not agree that the two provisions are necessarily inconsistent or cannot be reconciled, as in such circumstances the alien's removal has been ordered and her continued detention facilitates and ensures that removal in the event the alien does not succeed in having the removal proceedings reopened.

The Court also denies petitioner's due process claim. Again, petitioner has failed to cite any authority supporting the finding of a constitutional violation in these

[1] In her traverse, petitioner does not argue that the Court should not follow its previous practice of denying claims under Section 1231 and *Zadvydas* if the six-month presumptively-reasonable period has not been exceeded, but she states that she asserts the claim to preserve it "for review."

circumstances, and petitioner has not shown that her detention does not serve the legitimate purpose of effecting her removal.

Finally, petitioner claims that officials have not properly afforded her the required custody review. Respondents concede that a Post-Order Custody Review (POCR) is required before the end of the removal period. *See* 8 C.F.R. § 241.4(h)(1), (k)(1). Respondents further concede that no such POCR has taken place, and the removal period ended on October 20, 2026. Therefore, petitioner has established a violation of the applicable regulations in this case.

Respondents have not shown that this violation was harmless, as they have not shown that the review will result in a determination of continued detention. The Court agrees with respondents, however, that the appropriate remedy is not to order petitioner's release, but rather to ensure that petitioner is afforded the process denied by the violation. *See Gonzalez Olmedo v. United States Immigration and Customs Enforcement*, 2025 WL 2821860, at *3 (D. Kan. Oct. 3, 2025) (Lungstrum, J.) (granting such a remedy for the same violation) (citing cases). Accordingly, respondents are hereby ordered to ensure that petitioner receives the mandated custody review by **October 30, 2026**; that they provide written notice of that review to petitioner (if they have not already done so) pursuant to 8 C.F.R. § 241.4(h); that they consider materials submitted by petitioner in response to the notice; that they issue a written determination; and that they file a notice with this Court

when such relief has been given.[2] The petition is granted to that extent, and it is otherwise denied.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. The petition is granted with respect to the claim that petitioner has improperly been denied a custody review; respondents are hereby ordered to provide notice and conduct a custody review by **October 30, 2026**, and to file a notice with the Court when that relief has been given. The petition is otherwise denied.

IT IS SO ORDERED.

Dated this 21st day of October, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] The Court declines petitioner's request for an order requiring the decision itself to address certain matters and requiring the decision to be filed with the Court. The Court also declines to retain jurisdiction at this time; if respondents fail to provide the ordered relief, petitioner would be free to file a motion in this case seeking further relief.

[3] Petitioner has not explained why notice should be required before any transfer to another facility. In addition, any request by petitioner for an award of attorney fees should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.