IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/30/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

ESTEFANI VIRGINIA RODRIGUEZ VICENT,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, DHS;
TODD BLANCHE, Attorney General;
DAVID VENTURELLA, Acting Director, ICE;
KEVIN RIDDLE, Field Office Director, ICE; and
MISTY MACKEY, Warden,
Midwest Regional Reception Center,

Respondents.

Case No. 26-3361-JWL

**MEMORANDUM AND ORDER**

By Memorandum and Order of October 21, 2026, the Court granted in part and denied in part petitioner's habeas petition. The Court denied petitioner's claim that her mandatory detention under 8 U.S.C. § 1231 following entry of a final removal order had become unreasonably indefinite; but it granted her claim that the Government had failed to conduct a required Post-Order Custody Review (POCR) before the end of petitioner's statutory removal period, and it ordered the Government to conduct such a review by October 30, 2026. On October 29, 2026, petitioner filed a notice in which she states that the Government conducted a POCR on October 28, 2026; but she argues that the POCR did not comply with the Court's order because the Government denied release based on petitioner's status as an arriving alien under 8 U.S.C. § 1225(b)(2)(A), instead of addressing materials submitted by petitioner for that review. Somewhat inexplicably,

however, petitioner's notice omits a key fact, which the Government has supplied in its own filing of this date – the fact that on October 23, 2026, the immigration court reopened petitioner's removal proceedings, with the result that petitioner is no longer subject to a final removal order and thus she is no longer subject to mandatory detention under Section 1231. In light of that fact, the Court declines to find that the Government did not comply with the Court's order of October 21, 2026.

Nevertheless, under this Court's precedent, the Government's determination that petitioner is subject to mandatory detention under Section 1225(b)(2)(A) violates federal law. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.) (rejecting the Government's interpretation of Section 1225(b)(2)(A) even in the case of an alien paroled into the United States). Petitioner is instead subject to detention under 8 U.S.C. § 1226(a), which provides for discretionary release on bond, and under which petitioner is entitled to a bond hearing. Accordingly, because the Government's determination, made while conducting the ordered POCR, effectively violates federal law, the Court grants petitioner additional relief. The Court rejects petitioner's request for immediate release; the most appropriate remedy – as the Court has consistently held – is for petitioner to be granted the process that she is due. The Court therefore orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **November 9, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT respondents shall either release petitioner or ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **November 9, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.

IT IS SO ORDERED.

Dated this 30th day of October, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge